**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

RANDY SHEPARD,

        Plaintiff,

vs.

CITY OF WATERLOO,

        Defendant.

No. 16-CV-2058-LRR

**ORDER**

---

*TABLE OF CONTENTS*

I.     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.    *RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . **2**

III.   *SUBJECT MATTER JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . **4**

IV.   *SUMMARY JUDGMENT STANDARD* . . . . . . . . . . . . . . . . . . . . . . . . **5**

V.     *RELEVANT FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . **6**

    A.    *Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
    B.    *The Collective Bargaining Agreement* . . . . . . . . . . . . . . . . . . . . **6**

VI.   *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

    A.    *City Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
        1.    *Count I* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
        2.    *Issue Preclusion: Counts IV and V* . . . . . . . . . . . . . . . . . . **8**
        3.    *Res Judicata* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**
            a.    *Choice of law* . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
            b.    *Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
                (1)   *Final judgment on the merits* . . . . . . . . . . . . . **13**
                (2)   *Proper jurisdiction* . . . . . . . . . . . . . . . . . . . **14**
                (3)   *Same cause of action* . . . . . . . . . . . . . . . . . . **14**
                (4)   *Same parties* . . . . . . . . . . . . . . . . . . . . . . . **16**
        4.    *Gap time theory* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**
        5.    *FLSA claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**
        6.    *Retaliation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**

    B. *Shepard Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VII. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## I. INTRODUCTION

The matters before the court are Defendant City of Waterloo's ("City") Motion for Summary Judgment ("City Motion") (docket no. 16) and Plaintiff Randy Shepard's "Supplemental Pleading" ("Shepard Motion") (docket no. 27) (collectively, "Motions").

## II. RELEVANT PROCEDURAL HISTORY

The instant action stems from another case that Shepard filed in the Iowa District Court for Black Hawk County. *See Shepard v. City of Waterloo*, 14-CV-2057-LRR ("*Shepard I*"). On August 15, 2014, Shepard filed a case in the Iowa District Court for Black Hawk County against his employer, the City. *See Shepard I* Petition (*Shepard I* docket no. 3). The City removed the case and, after proceeding through discovery, moved for summary judgment. *See Shepard I* Notice of Removal (*Shepard I* docket no. 1); *Shepard I* Motion for Summary Judgment (*Shepard I* docket no. 11). On December 16, 2015, the court granted in part and denied in part the Motion for Summary Judgment in *Shepard I*. *See Shepard I* December 16, 2015 Order (*Shepard I* docket no. 18). The court shall discuss the particulars of the December 16, 2015 Order below.

On May 25, 2016, Shepard filed a pro se Petition (docket no. 3) in the Iowa District Court for Black Hawk County against the City and the Construction & Laborer's Local 177 Union ("Union"). In the Petition, Shepard sets forth six claims: (1) the City and Union breached the Collective Bargaining Agreement ("CBA") governing Shepard's employment with the City by failing to proceed to binding arbitration on various grievances that Shepard filed with the City ("Count I"); (2) the City "stole" one hour of Shepard's compensatory time from a compensatory time "bank" on at least one occasion, in violation of Iowa Code § 91A.5 ("Count II"); (3) the City failed to pay Shepard for

three hours that he worked per week in violation of the Fair Labor Standards Act ("FLSA") and Iowa law ("Count III"); (4) the City failed to pay his regular rate under the CBA in violation of the FLSA and Iowa law ("Count IV"); (5) the City failed to pay his overtime in good faith in violation of the FLSA ("Count V"); and (6) the City retaliated against him by increasing the hours he was required to work each week without increasing his pay and by reducing the amount of overtime hours he was eligible to receive in violation of the FLSA and Iowa law ("Count VIII"). *See* Petition at 2-7. Though improperly styled as "claims," Shepard also states that the City's violations of the FLSA were willful ("Count VI"), that he is entitled "to all penalties and damages" available for his claims ("Count VII") and that Counts II through VI were equitably tolled ("Count IX"). *See id*. at 5-7.[1] Shepard further states that Counts II through VI "are filed as a result of an earlier federal court ruling stating that [he] was to have exhausted the CBA grievance procedure prior to filing a claim in federal court." Petition at 2. On June 3, 2016, the City and the Union removed the action, bringing the case before the court. *See* Notice of Removal (docket no. 2). On June 10, 2016, the City filed an Answer (docket no. 7) generally denying liability and asserting affirmative defenses. On July 19, 2016, Shepard and the Union filed a Joint Stipulation of Dismissal (docket no. 11), dismissing the action as to the Union with prejudice, leaving the City as the sole Defendant in this action.

On May 10, 2017, Shepard filed a Motion to Compel Arbitration (docket no. 15). In the Motion to Compel Arbitration, Shepard argued that the court should compel the City to arbitrate various grievances because he had complied with the procedure outlined in the CBA. *See* Motion to Compel Arbitration at 1-2. On August 15, 2017, the court denied the Motion to Compel Arbitration because it determined that Shepard, as an individual,

---

[1] Given the nature of his claims the court concludes it is only appropriate to address Counts I through V and VIII.

could not compel the City to arbitrate his grievances.  *See* August 15, 2017 Order (docket no. 29) at 8.

On May 12, 2017, the City filed the City Motion.  On June 7, 2017, Shepard filed a Resistance to the City Motion (docket no. 23).  In his Resistance to the City Motion, Shepard requests that the court deny the Motion in its entirety or, alternatively, that the court "grant any determination not in support of the City to [himself]."  Resistance to City Motion at 3.  The court will interpret this as a request for summary judgment.  On June 14, 2017, the City filed a Reply to the City Motion (docket no. 25).  On June 29, 2017, Shepard filed the Shepard Motion.  On July 11, 2017, the City filed a Resistance to the Shepard Motion (docket no. 28).  Neither party requests oral arguments on either of the Motions, and the court finds that oral arguments are unnecessary.  The Motions are fully submitted and ready for decision.

### III.  SUBJECT MATTER JURISDICTION

The court has original jurisdiction over the FLSA claims because they arise under the United States Code.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The court has supplemental jurisdiction over the claims arising under Iowa law because they are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").  In other words, "the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'"  *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1067 (8th Cir. 1996)

4

(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988)) (alteration in original) (quotation marks omitted).

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show'" an absence of a genuine dispute as to a material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Fed. R. Civ. P. 56(c)(2)). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant has done so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

On a motion for summary judgment, the court must view the facts "in the light most favorable to the nonmoving party." *Id.* (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts' . . . ." *Torgerson*, 643

F.3d at 1042 (quoting *Matsushita*, 475 U.S. at 586). Instead, "[t]o survive a motion for summary judgment, the nonmoving party must substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (second and third alterations in original) (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003)). Mere "self-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 807 (8th Cir. 2010).

## V. RELEVANT FACTUAL BACKGROUND

Viewing the evidence in the light most favorable to the nonmoving party and affording him all reasonable inferences, the uncontested material facts are as follows.

### A. Parties

Shepard is an individual residing in Waterloo, Iowa, and employed by the City. The City is a city organized and existing under the laws of the State of Iowa.

### B. The Collective Bargaining Agreement

Shepard is employed by the City as an Airport Maintenance Worker—Special Weekend/Holiday Employee. Defendant's Statement of Material Facts (docket no. 16-1) ¶ 1. Shepard is a member of the Union. *Id.* ¶ 2. In 2009, the City and the Union entered into a collective bargaining agreement. *Id.* ¶ 3. In 2010, Shepard, the Union and the City signed a Letter Agreement that modified the terms of the collective bargaining agreement as it applied to Shepard. *Id.* ¶ 7. In 2012, the City and the Union entered into the 2012 CBA. *Id.* ¶ 10. Shepard continued to work and be paid according to the terms of the Letter Agreement. *Id.*

The 2012 CBA contains a mandatory grievance procedure to resolve an employee's claims alleging violations of the CBA. *Id.* ¶ 6. In *Shepard I*, the court determined that it could not decide the question of whether the 2012 CBA or the Letter Agreement

6

controlled Shepard's pay because he had not exhausted the CBA's grievance resolution procedure. *See Shepard I* December 16, 2015 Order at 16-17. Instead, the court found that it must consider Shepard's FLSA claims under the Letter Agreement because that was how he was, in fact, paid by the City. *See id.* at 18. Shepard subsequently filed three grievances. Defendant's Statement of Facts ¶¶ 19, 23, 27. The Union did not pursue Shepard's first two grievances, and ultimately discontinued participation in the third. *Id.* ¶¶ 22, 26, 29, 36. On May 25, 2016, Shepard initiated the present action. On July 1, 2016, the 2016 CBA went into effect. *See* City Appendix (docket no. 16-2) at 303.

## VI.  ANALYSIS

### A.  *City Motion*

In the Motion, the City argues that it is entitled to summary judgment on Count I because only the Union can invoke arbitration on behalf of Shepard; on Counts II, III, IV and V, in part, pursuant to issue and claim preclusion; on part of Count III and the remainder of Counts IV and V because they are based on a nonviable gap time theory; on the remainder of Counts II and III because Shepard failed to exhaust his grievance remedy; and on Count VIII because the terms negotiated between the City and the Union cannot constitute an adverse employment action supporting a retaliation claim. *See* Brief in Support of City Motion (docket no. 16-3) at 13-14. Shepard contends that the City should be denied summary judgment on all counts. *See* Resistance to City Motion at 1.

#### 1.  *Count I*

In Count I, Shepard alleges that the City and the Union breached a contract by refusing to proceed to arbitration. Petition at 2. The City argues that it "is entitled to summary judgment on [Count I] because under Iowa law the union is required to invoke arbitration." Brief in Support of City Motion at 14. As explained in the court's August 15, 2017 Order, Shepard cannot compel the City to arbitrate his grievances. Accordingly, the court shall grant the City summary judgment on Count I.

7

## 2. Issue Preclusion: Counts IV and V

In Count IV, Shepard argues that the City failed to properly calculate his overtime pay based on the CBA and FLSA regular rate calculations. Petition at 4. In Count V, Shepard asserts that his overtime payments were not made in good faith and, therefore, did not "comply with the overtime provisions of the FLSA." *Id*. The City contends that issue preclusion bars Shepard's pursuit of Counts IV and V in their entirety. Brief in Support of City Motion at 15-16.

"Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). "A party is precluded from litigating such a matter in a subsequent case, 'whether or not the issue arises on the same or a different claim.'" *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). Issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Id*. at 1102-03 (quoting *Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007)). The court shall discuss each element separately.

The first element requires that "the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit." *Id*. at 1102 (quoting *Robinette*, 476 F.3d at 589). In *Shepard I*, Shepard brought his claims against

8

the City. *See Shepard I* Petition. Accordingly, the court finds that *Shepard I* involved the same parties as the present action.

The second element requires that "the issue sought to be precluded must be the same as the issue involved in the prior action." *Sandy Lake*, 714 F.3d at 1102-03 (quoting *Robinette*, 476 F.3d at 589). In Counts IV and V, Shepard asserts that the City failed to calculate his overtime pay based on the CBA and FLSA and that his overtime rate was incorrect. This is identical to his *Shepard I* claim that the City "[f]ail[ed] to pay [the] correct FLSA [o]vertime [r]ate for all hours worked over 40." *Shepard I* Petition at 1. Additionally, in *Shepard I*, the court concluded that "it [was] undisputed that Shepard ha[d] been paid one and one-half his hourly rate for all statutory overtime hours" and, in light of this conclusion, "that the contractual overtime payments . . . [were] paid at a premium rate." *Shepard I* December 16, 2015 Order at 26-27, 35; *see* 29 U.S.C. § 207(e)(6) (defining "regular rate" as not including "compensation provided by a premium rate . . . where such premium rate is not less than one and one-half times the rate established in good faith for like work performed"). Therefore, to the extent Shepard contends that his "regular rate" was miscalculated for purposes of the FLSA, this issue is the same issue involved in the instant action.

The third element requires that "the issue sought to be precluded must have actually been litigated in the prior action." *Sandy Lake*, 714 F.3d at 1103 (quoting *Robinette*, 476 F.3d at 589). "To determine whether an issue was actually litigated and was necessary to the decision in the prior action, the court should examine the entire record of the earlier proceeding." In re *Miera*, 926 F.2d 741, 743 (8th Cir. 1991). "When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated . . . ." Restatement (Second) of Judgments § 27 cmt d. "Collateral estoppel may only be applied if the party against whom the earlier decision is being asserted had a 'full and fair' opportunity to litigate the issue in the prior

9

adjudication." In re *Miera*, 926 F.2d at 743 (quoting *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983)).

In *Shepard I*, the issues of how Shepard's "regular rate" should be calculated and whether the City compensated Shepard for overtime in accordance with the "regular rate" were fully briefed by the parties. *See Shepard I* Brief in Support of Motion for Summary Judgment (*Shepard I* docket no. 11-3); *Shepard I* Pro Se Brief in Support of Resistance (*Shepard I* docket no. 15-4). The issues were submitted to the court for determination and the court extensively discussed these issues in its December 16, 2015 Order. *See Shepard I* December 16, 2015 Order at 12-38. Additionally, the court concluded that Shepard was required to utilize the grievance procedure to resolve issues relating to the rate of his compensation. Shepard failed to do so, and, therefore, the court determined that the Letter Agreement, rather than the CBA was "[t]he touchstone for the base regular rate determination," and the "correct base regular rate is Shepard's contractual rate." *Id*. at 21, 26. The court subsequently granted summary judgment on this issue. Because the issue was extensively discussed in *Shepard I*, Shepard had a full and fair opportunity to litigate the issue then. Therefore, the court finds that this issue was actually litigated in the prior action.

The fourth element requires that "the issue sought to be precluded must have been determined by a valid and final judgment." *Sandy Lake*, 714 F.3d at 1103 (quoting *Robinette*, 476 F.3d at 589). In *Shepard I*, the court granted in part and denied in part the City's Motion for Summary Judgment. *See Shepard I* December 16, 2015 Order at 56. The court concluded that: (1) "[w]hether the CBA or Letter Agreement control[led] [was] a matter committed to the grievance process," *id*. at 16-17 and (2) "Shepard's regular rate is the contract rate set forth in the CBA," *id*. at 54. Judgment was entered on December 16, 2015. *See Shepard I* Judgment (*Shepard I* docket no. 19). Neither party appealed the court's summary judgment order.

10

A decision granting summary judgment which is not appealed is a final and valid judgment for purposes of issue preclusion. *See Life Inv'rs Ins. Co. of Am. v. Corrado*, 804 F.3d 908, 914 (8th Cir. 2015) ("The Maryland decision granting summary judgment is final and valid, and [the defendant] did not pursue an appeal of that decision. Accordingly, we find that [the defendant's] . . . defense in this action is barred as a matter of issue preclusion."); *see also Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.*, 304 F.3d 804, 808 (8th Cir. 2002) ("[P]reclusion seems warranted so long as the court clearly intended to terminate all proceedings as to the claims or parties involved and no attempt to appeal was thwarted . . . ." (quoting 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4432 (2d ed. 2002))). In *Shepard I*, the court's December 16, 2015 Order terminated all proceedings in that case, the Clerk of Court entered Judgment and no party appealed. Accordingly, the December 16, 2015 Order was a final judgment on the merits in *Shepard I*.

The fifth element requires that "the determination in the prior action must have been essential to the prior judgment." *Sandy Lake*, 714 F.3d at 1103 (quoting *Robinette*, 476 F.3d at 589). The court's conclusion that "Shepard's regular rate is the contract rate set forth in the CBA" was essential to the granting of partial summary judgment to the City in *Shepard I*, as it demonstrated that the City had not violated the FLSA by failing to properly calculate and pay Shepard's regular rate and his overtime hours. Therefore, this issue was essential to the prior judgment. Accordingly, Counts IV and V are barred by issue preclusion, and the court shall grant summary judgment on these counts.

### 3. *Res Judicata*

The City asserts that "claim preclusion bars all of Shepard's claims to the extent [they are] based on payroll prior to December 16, 2015." Brief in Support of City Motion at 17.

11

### a. Choice of law

When deciding whether a claim is barred under res judicata, "the threshold issue is whether state or federal law controls . . . ." *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 617 (8th Cir. 1994). "The law of the forum that rendered the first judgment controls the res judicata analysis." *C.H. Robinson Worldwide, Inc.*, 695 F.3d at 764 (quoting *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011)); *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1237 (8th Cir. 1994) ("[T]he preclusive effect of a prior judgment is determined by the preclusion rules of the forum which provided the substantive law underlying that prior judgment."). The initial judgment, which the City argues should be given preclusive effect, was entered by a federal court with federal question jurisdiction. Because *Shepard I* was a federal question case, federal common law provides the relevant law in the instant action.

### b. Discussion

"Claim preclusion (traditionally termed res judicata or 'merger and bar') 'bars relitigation of the same claim between parties or their privies where a final judgment has been rendered upon the merits by a court of competent jurisdiction.'" In re *Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997) (quoting *Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512, 517 (8th Cir. 1995)) (internal quotation marks omitted). Res judicata prevents "the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982). The "doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time . . . . It is a rule of fundamental and substantial justice, . . . which should be cordially regarded and enforced by the courts . . . ." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (emphasis omitted).

Res judicata bars a subsequent lawsuit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies." In re *Anderberg-Lund Printing Co.*, 109 F.3d at 1346 (quoting *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983)). However, "[t]he party against whom [claim preclusion] is to be used . . . must have had a full and fair opportunity to investigate and litigate the matter concluded." *Plough*, 70 F.3d at 517. "Claim preclusion . . . does not apply to claims that did not exist when the first suit was filed," but rather requires parties "to join all acts which . . . could have [been] brought . . . in the same lawsuit." *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977-78 (8th Cir. 2001).

### *(1)     Final judgment on the merits*

The first element of res judicata requires that "the first suit resulted in a final judgment on the merits." In re *Anderberg-Lund Printing Co.*, 109 F.3d at 1346 (quoting *Lovell*, 719 F.2d at 1376). In *Shepard I*, the court granted in part and denied in part the City's Motion for Summary Judgment. *See Shepard I* December 16, 2015 Order at 56.

"It is well established that summary judgment is a final judgment on the merits for purposes of res judicata." *Anderson v. City of St. Paul, Minn.*, 849 F.3d 773, 779 (8th Cir. 2017) (quoting *Dicken v. Ashcroft*, 972 F.2d 231, 233 n.5 (8th Cir. 1992)).

> In a subsequent action by the same parties, a judgment on the merits in a former action based upon the same cause of action precludes relief on the grounds of res judicata. The judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have been decided.

*Glick v. Ballentine Produce, Inc.*, 397 F.2d 590, 593 (8th Cir. 1968) (quoting *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30, 32 (8th Cir. 1964)). Accordingly, the December 16, 2015 Order was a final judgment on the merits in the *Shepard I*.

13

### (2)  *Proper jurisdiction*

The second element of res judicata requires that "the first suit was based on proper jurisdiction." In re *Anderberg-Lund Printing Co.*, 109 F.3d at 1346 (quoting *Lovell*, 719 F.2d at 1376). In *Shepard I*, Shepard's claims arose under the FLSA, 29 U.S.C. § 216(b). Therefore, the court had original jurisdiction over the action. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Accordingly, the first suit was based on proper jurisdiction.

### (3)  *Same cause of action*

The third element of res judicata requires that "both suits involved the same cause of action." In re *Anderberg-Lund Printing Co.*, 109 F.3d at 1346 (quoting *Lovell*, 719 F.2d at 1376). The Eighth Circuit applies "the Restatement (Second) of Judgments in determining whether two causes of action are the same for res judicata purposes." *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)). The Restatement (Second) of Judgments states:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar[,] . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

14

Restatement (Second) of Judgments § 24 (internal numbering omitted). Therefore, claim preclusion applies if a claim "arises out of the same nucleus of operative facts as the prior claim." *Banks*, 390 F.3d at 1050 (quoting *Lane*, 899 F.2d at 742). Claim preclusion bars "the relitigation of a claim on grounds that were raised or could have been raised in the prior action." *Lane*, 899 F.2d at 741. Therefore,

> reliance . . . on a different substantive law and new legal theories does not preclude the operation of res judicata. . . . [W]here a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claims.

*Banks*, 390 F.3d at 1052-53 (quoting *Lane*, 899 F.2d at 744) (alterations in original).

Shepard contends that *Shepard I* and the present action do not arise from a common nucleus of operative facts because "[i]n the present claim, the '[nucleus] of operative facts' is the [CBA], not the FLSA." Brief in Support of Resistance to City Motion at 33 (docket no. 23-1). The City asserts that "the 'common nucleus of operative facts' element of claim preclusion does not depend on the legal theories asserted in the two lawsuits." Reply Brief to the City Motion (docket no. 25-1) at 2. Therefore, the City reasons, the nucleus of facts remains the same between the suits and summary judgment is proper.

Counts II, III, IV and V, to the extent they allege violations prior to the filing of *Shepard I*, all arise from the same nucleus of operative facts as *Shepard I*. In *Shepard I*, Shepard raised the following claims:

> (1) the City willfully violated the [FLSA], 29 U.S.C. § 2, for failing to pay overtime for all hours worked over forty; (2) the City willfully violated the FLSA by failing to pay his regular rate for all hours up to [forty] per week when more than [forty] hours were worked; (3) the City willfully violated the FLSA by failing to pay Shepard the correct overtime rate; (4) the City willfully violated the FLSA by failing to accurately

15

> account for a longevity bonus in Shepard's regular rate; and
>
> (5) the City violated the [IWPCL], Iowa Code § 91A.

City Appendix at 126 (second and third alteration in original) (internal citation omitted); *see also Shepard I* Petition. Shepard's prior claims alleged that he was paid incorrect wages and overtime. In the present case, Shepard alleges FLSA and IWPCL violations based on: "theft of compensatory time . . . on or about February 7, 2016[,] and on previous dates to be determined" (Count II); "theft of hours worked . . . beginning August, 2007 to present" (Count III); "theft of overtime pay" (Count IV); and "overtime payments not made in good faith" (Count V). Petition at 3-4.

After analyzing the factual allegations in both cases, the court is satisfied that *Shepard I* and Counts II, III, IV and V of the present case arose out of the same nucleus of operative facts. Specifically, both cases require evidence of Shepard's compensation, and rate thereof, during the relevant time period. *See Schaefer v. Putnam*, 827 F.3d 766, 770 (8th Cir. 2016) ("[T]he test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both." (quoting *Iowa Coal Mining Co. v. Monroe Cty.*, 555 N.W.2d 418, 441 (Iowa 1996))); *see also In re Ladd*, 450 F.3d 751, 754 (8th Cir. 2006) (concluding that a cause of action was not the same under res judicata where "[t]he substance of what the [plaintiffs] would have to prove in each action is substantially different"). To the extent Shepard alleges violations occurring prior to the filing of *Shepard I*, the claims arise out of the same period of time. Accordingly, the court concludes that the third element of res judicata has been satisfied.

### (4)     *Same parties*

The fourth element of res judicata requires that "both suits involved the same parties or their privies." In re *Anderberg-Lund Printing Co.*, 109 F.3d at 1346 (quoting *Lovell*, 719 F.2d at 1376). As addressed above, the court finds that there is no dispute that *Shepard I* involved the same parties as the present action. Therefore, the court finds that the fourth element of res judicata is satisfied.

16

Accordingly, to the extent that Counts II, III, IV and V raise allegations regarding matters prior to the filing of *Shepard I*, they are barred by res judicata.

### 4.    *Gap time theory*

The City contends that it is entitled to summary judgment on part of Count III and the remainder of Counts IV and V because they are "based on a non-viable gap time theory." Brief in Support of City Motion at 13. "A gap-time claim is one in which an employee has not worked [forty] hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over [forty] hours in a given week but seeks recovery for unpaid work under [forty] hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013).

In these counts, Shepard claims that the City forced him to work without pay and that the City stole his overtime by failing to correctly calculate his rate based on the CBA. *See* Petition at 3-4. The FLSA does not provide a cause of action for Shepard's claims. "[T]he text of [the] FLSA requires only payment of minimum wages and overtime wages." *Lundy*, 711 F.3d at 116. The FLSA "simply does not consider or afford a recovery for gap-time hours." *Id*. The Eighth Circuit has not yet addressed this issue, but other courts have rejected this theory. *See id.*; *Terrell v. First Student Mgmt. LLC*, No. 16-CV-481 SNLJ, 2016 WL 6679847, *3 (E.D. Mo. Nov. 14, 2016). Because there is no support in the FLSA for Shepard's gap-time claims, the court sees no reason to recognize a novel cause of action here in the first instance and finds that the City is entitled to summary judgment on part of Count III and the remainder of Counts IV and V.

### 5.    *FLSA claims*

In Count II, Shepard claims that "[t]he City stole one . . . hour of compensatory time from [his] compensatory time bank on or about February 7, 2016[,] and on previous dates to be determined." Petition at 3. In Count III, Shepard asserts that "[t]he City forced [him] to work three . . . hours each week, without pay, beginning August[] 2007

17

to present." *Id.* Insofar as these allegations relate to conduct occurring prior to *Shepard I* they are barred by res judicata, as addressed above. The City contends that it is entitled to summary judgment on the remainder of these claims because Shepard "failed to exhaust his grievance remedy." Brief in Support of City Motion at 21.

The CBA defines a grievance as "a claim presented by an employee[] alleging a violation, misinterpretation or misapplication of a term or specific provision[] of" the CBA. City Appendix at 272. An employee initiating a grievance must do so, "[w]ithin five . . . working days of an occurrence, or the employee's discovery of the occurrence, which gives rise to a grievance." *Id.* In *Shepard I*, the court concluded that "claims which rest on interpretations of the underlying collective bargaining agreement must be resolved pursuant to the procedures contemplated under the [Labor Management Relations Act], specifically grievance, arbitration, and, when permissible, suit in federal court under section 301." *Shepard I* December 16, 2015 Order at 16 (quoting *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 266 (3d Cir. 1990)). Shepard's current claims asserting that the City stole compensatory time and forced him to work without pay fall squarely within the definition of a grievance under the CBA. *See Int'l Bhd. of Elec. Workers Local 1 v. GKN Aerospace N. Am., Inc.*, 431 F.3d 624, 627 (8th Cir. 2005) ("The determinative question is whether the collective bargaining agreement at issue here is 'susceptible of an interpretation that covers' the grievance at issue." (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960))). Although Shepard did file three grievances, the Union did not ultimately participate in the grievance procedure through arbitration. *See* August 15, 2017 Order at 4. Because Shepard failed to proceed through arbitration, he failed to exhaust his contractual remedies.

However, an "employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its

18

handling of the employee's grievance." *Vaca v. Sipes*, 386 U.S. 171, 186 (1967); *see Markham v. Wertin*, 861 F.3d 748, 758 (8th Cir. 2017) ("When a labor organization has been selected as the exclusive representative of the employees in a bargaining unit, it has a duty . . . as the exclusive representative of the employees in the unit, to represent all members fairly." (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998))). Here, Shepard has not asserted that the Union breached its duty. Even if he had made such an argument, however, the court has already concluded that, "[t]o the extent that Shepard's arguments challenge the Union's treatment of his grievance as arbitrary, discriminatory or in bad faith, the record does not reflect such conduct." August 15, 2017 Order at 8. Furthermore, Shepard had the opportunity to bring or add such a claim against the Union in the present action and squandered it, as the Union has been dismissed from the instant litigation with prejudice. *See* Joint Stipulation of Dismissal. Because Shepard failed to exhaust his administrative remedies, the City is entitled to summary judgment on what remains of Counts II and III.

### 6.    *Retaliation*

In Count VIII, Shepard claims that the City retaliated against him by "increas[ing] [his] hours of work without an increase in pay and reduced eligible overtime hours." Petition at 6. Shepard raises this count under both the Iowa Code and the FLSA. *Id*. Because Iowa Courts "apply the same three-part analytical framework used by courts when interpreting the FLSA," both claims will be addressed together. *Figley v. W.S. Indus.*, 801 N.W.2d 602, 610 (Iowa Ct. App. 2011). The City contends that it is entitled to summary judgment on Count VIII because it "did not engage in an adverse employment action against [Shepard] as the Union negotiated the CBA on behalf of Shepard." Brief in Support of City Motion at 30.

The FLSA contains an antiretaliation provision that makes it unlawful "to discharge or in any other manner discriminate against any employee because such

employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). "Retaliation claims under the . . . FLSA may be proven . . . under the familiar *McDonnell-Douglas* burden-shifting framework." *Wood v. Satcom Mktg., LLC*, 705 F.3d 823, 828 (8th Cir. 2013). "[T]o demonstrate a prima facie case of retaliation under the FLSA, [the plaintiff] must show (1) [he] participated in a statutorily protected activity, (2) the [employer] took adverse employment action against [him], and (3) there was a causal connection between [the plaintiff's] statutorily protected activity and the adverse employment action." *Montgomery v. Havner*, 700 F.3d 1146, 1148-49 (8th Cir. 2012). "If the plaintiff succeeds, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the action." *Wood*, 705 F.3d at 829. "If the defendant does so, the plaintiff may still prevail in the final step of the *McDonnell-Douglas* analysis by proving, by a preponderance of the evidence, that 'the legitimate, nonretaliatory reasons articulated by [his employer] were not the true reasons for discharge, but merely a pretext for retaliation.'" *Id.* (quoting *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1035 (8th Cir. 2005)).

Shepard asserts that "report[ing] the City to the Department of Labor . . . claiming overtime pay violations in August[] 2013 and fil[ing] a FLSA overtime violation claim in district court in January 2015" are FLSA protected activities. City Appendix at 200. "[T]he City concedes that Shepard engaged in statutorily protected activity." Brief in Support of City Motion at 31. However, the City asserts that it "did not engage in any adverse employment actions against [Shepard]." *Id.* "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Wagner v. Campbell*, 779 F.3d 761, 766 (8th Cir. 2015) (quoting *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007)).

Shepard is unable to establish a prima facie case of retaliation. First, Shepard claims that the City retaliated against him by "increas[ing] [his] hours of work without an increase in pay and reduced eligible overtime hours." Petition at 6. In support of his claim, Shepard points to the changes "in the 2016-1[9] CBA as compared to the 2012-16 CBA." *Id*. Shepard's claim must fail, because, as he concedes, any alleged changes in his hours and overtime were the product of negotiations with the Union and the City that resulted in the 2016-19 CBA. Defendant's Statement of Material Facts ¶¶ 38, 40. No adverse action was taken by Shepard's employer, and such action is required to establish a cause of action for retaliation. *See also* City Appendix at 435 ("The City did not take any unilateral action with respect to Mr. Shepard's position.").

Further, Shepard is unable to establish a prima facie case with respect to the causation element. "To prove a causal connection, [an employee] must demonstrate the [employer's] retaliatory motive played a part in the adverse employment action." *Thomas v. Corwin*, 483 F.3d 516, 531 (8th Cir. 2007) (internal quotations omitted). In the present case, Shepard asserts his protected activities occurred in August 2013 and January 2015. *See* City Appendix at 200. The 2016 CBA was negotiated in the spring of 2016 and did not go into effect until July 1, 2016. This is nearly three years after Shepard's first protected activity and one and a half years after the second. Such a delay does not support a finding of causation. *Compare Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 741 (8th Cir. 2017) (concluding that "a delay of a mere eight days . . . is strong evidence of causation in light of the other evidence"), *with Musolf v. J.C. Penney Co.*, 773 F.3d 916, 919 (8th Cir. 2014) (concluding that "the seven-month time-lag 'is insufficient to show, and in fact weakens the showing of, the required causal link'" (quoting *Wallace v. Sparks Health Sys.*, 415 F.3d 853, 859 (8th Cir. 2005))). Additionally, the negotiations regarding the 2016 CBA occurred due to the upcoming expiration of the 2012 CBA. *See* City Appendix at 434-35. There is no evidence linking the changes to Shepard's rate or

overtime to his protected activity rather than this reason. Therefore, Shepard is unable to establish a prima facie case of retaliation.

Even if Shepard were able to establish a prima facie case of retaliation, the City has offered a legitimate non-retaliatory reason for the change in his hours and compensation. Therefore, the burden shifts back to Shepard to establish a genuine issue of material fact as to whether the articulated reason was merely a pretext for retaliation. *See Grey*, 396 F.3d at 1035 (shifting burden to back to the employee after employer "articulated legitimate, non-retaliatory reasons for appellant's discharge"). Shepard has not presented any evidence to support his bare assertions that the CBA negotiations were a pretext for retaliation. Because there is no genuine dispute regarding a material fact, the City is entitled to summary judgment on Count VIII.

### B. Shepard Motion

In the Shepard Motion, Shepard seeks to add two additional claims. "Rule 15(d) of the Federal Rules of Civil Procedure . . . provides that the trial court *may permit* a plaintiff to supplement its complaint with a cause of action arising after the original complaint. The rule is permissive for the parties and discretionary for the court." *Lundquist*, 238 F.3d at 977 (alterations omitted) (quoting *Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000)); *see* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). A supplemental pleading is distinguishable from an amended pleading as follows, "[a]n amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101 (W.D.

22

Mo. 1939)); *see also U.S. ex rel. Kinney v. Stoltz*, 327 F.3d 671, 673 n.4 (8th Cir. 2003) ("[S]upplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint is filed.").

In the Shepard Motion, Shepard alleges that there were various discrepancies between the "tentative agreement" and the 2016 CBA. *See* Shepard Motion at 2-5. The 2016 CBA was signed on June 1, 2016, and took effect July 1, 2016. Shepard also alleges that he was improperly denied a promotion in early 2017. *Id.* at 5-13. Because the matters in the Shepard Motion occurred after the filing of the petition in this action, on May 25, 2016, the Shepard Motion is properly addressed as a supplemental pleading.

Federal Rule of Civil Procedure 15(d) "gives the trial court, in the exercise of its sound discretion, the right to determine whether or not leave should be granted to file a supplemental pleading." *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960). Although the Eighth Circuit has not articulated the standard to be applied when addressing a motion for leave to file supplemental pleadings, other district courts within the circuit have utilized the same standard used when addressing a motion to amend. *See Braziel v. Roy*, Civ. No. 15-3448 (PJS/SER), 2016 WL 4196821, at *3 (D. Minn. July 11, 2016); *see also Riggs v. City of Owensville*, No. 4:10-CV-793 CAS, 2011 WL 1576723, at *2 (E.D. Mo. Apr. 26, 2011). "[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006)).

Here, as noted above, the 2016 CBA was signed on June 1, 2016, and took effect on July 1, 2016. This was nearly an entire year before Shepard filed the Shepard Motion. Further, as argued by the City, "[e]ven if Shepard . . . did not notice the alleged discrepancy until the City produced a copy of the 2016 CBA in discovery, the City still

23

produced its documents to Shepard on January 25, 2017, nearly six months [earlier]." Resistance to Shepard Motion at 4. Such delay is unexplained and unacceptable. Accordingly, the court shall deny the Shepard Motion as to this claim.

As to the second allegation that Shepard was improperly denied a promotion in early 2017, this claim was also unduly delayed. The deadline for applying to the facilities maintenance foreman position was January 10, 2017. *See* Shepard Motion at 22. Shepard received correspondence from the City on January 13, 2017, informing him that he did not meet the qualifications. *Id*. at 33. Because Shepard was aware of this conduct over five months prior to filing the Shepard Motion, the court shall also deny the Shepard Motion as to this claim due to the undue delay.

The court further notes that Shepard filed the Shepard Motion over a month after the City had filed the City Motion and dispositive motions were due. *See* Scheduling Order (docket no. 13). Permitting Shepard to supplement his petition by adding additional counts at this point in the litigation would unduly prejudice the City. Accordingly, the court shall deny the Shepard Motion.

## VII. CONCLUSION

In light of the foregoing, the City Motion (docket no. 16) is **GRANTED** and the Shepard Motion (docket no. 27) is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with the above findings. The trial date is **VACATED** and the Motion for Continuance of Final Pretrial Conference (docket no. 31) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED** this 29th day of August, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

24